[Cite as *State v. Carmel*, 2014-Ohio-1209.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26926 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK CARMEL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 09 2527 |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2014

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Jack Carmel, appeals from the April 18, 2013 judgment entry of the Summit County Court of Common Pleas. We reverse.

I.

{¶2} In January of 2013, Mr. Carmel pleaded guilty to five counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. The trial court sentenced him to a definite term of thirty-six months of imprisonment for each count, to be served consecutively, for a total of fifteen years. The trial court also adjudicated Mr. Carmel as a Tier II Sexually-Oriented Offender.

{¶3} Mr. Carmel appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES MUST BE REVERSED BECAUSE IT FAILED TO MAKE FINDINGS REQUIRED BY R.C. 2929.14(C)(4).

{¶4} In his sole assignment of error, Mr. Carmel asserts that the trial court erred in sentencing him to consecutive sentences when, pursuant to R.C. 2929.14(C)(4), it failed to make the requisite factual findings on the record at the sentencing hearing.

{¶5} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26, the Supreme Court of Ohio stated that, in reviewing felony sentences, appellate courts must apply a two-step approach: "[f]irst, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard."

{¶6} R.C. 2929.14(C)(4) states, in pertinent part, that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

"Thus, before a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three particular findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies." *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 25.

{¶7}  In *State v. Brooks*, 9th Dist. Summit Nos. 26437, 26352, 2013-Ohio-2169, ¶ 13-15, this Court addressed whether the factual findings listed in R.C. 2929.14(C)(4) must be made by the trial court at the sentencing hearing.  We stated that "[i]n an environment of prison overcrowding, funding limitations, and remedial alternatives to prison, the reenactment of R.C. 2929.14(C)(4) evidences the General Assembly's intent that trial courts carefully consider certain factors and make certain findings prior to making the decision to impose consecutive sentences." *Id*. at ¶ 13.  Further, we stated that "[t]he fact that trial courts do not have to explain their reasoning behind their findings does not negate the fact that the trial courts still must make the findings." *Id*.  We later concluded that "such findings must be made at the sentencing hearing on the record." *Id*.  Therefore, because "the sentencing hearing transcript [was] devoid of the level of detail that would allow this Court to conclude that the trial court engaged in the appropriate analysis," we reversed and remanded for resentencing. *Id*. at ¶ 15.

{¶8}  In the present matter, the trial court stated as follows at Mr. Carmel's sentencing hearing:

> All right.  At this time now, Mr. Carmel, unfortunately you are not the first grandfather to stand before me in the short four and a half years that I have been a judge having molested your grandchildren.

You have pled guilty to five counts, but you have acknowledged in your psychosexual evaluation that you did it 15 times. I consider the charges—or the number of counts, five, to be a significant reduction upon your own admission, and so to those folks who are here today, I will say that I respect the Summit Psychological Associates' description of you, Mr. Carmel, in its report about being manipulative and assuming little responsibility for your problems, preferring to blame them on others and/or circumstances.

But I do recognize that you took—my sense is you were honest with them because you actually admitted to more contact that you have been charged with, and I will say that based on my experience that's an unusual thing. You have spared this family, your granddaughters, the pain, the additional pain of having to testify, go through a trial, and there is some, in the sentencing guidelines, some consideration to be given to you to a defendant who does that.

But in reading all of the materials that I received in this case, my sense is that this—your family has suffered a serious division that is the result of your, at least initial, denial of having done this.

* * *

So to that end you have caused your family to basically have to choose sides when during all of this you knew the girls were telling the truth.

I find that—you know, as the grandfather, as the male head of the family, to say the least you shirked your role in that regard as well.

So I have—finding you a Tier II sex offender I'm going to remind you again about the post-release control period of five years, but on each of these charges I am going to sentence you to 36 months. I am going to run those sentences each consecutively, one after another, and the total sentence in this case is 15 years.

* * *

**{¶9}** Although the trial court verbally admonished Mr. Carmel for: (1) the pain he caused his family, (2) being manipulative, and (3) not assuming responsibility for his problems, it did not make the requisite findings set forth in R.C. 2929.14(C)(4) on the record at the sentencing hearing. The trial court did, however, make R.C. 2929.14(C)(4) findings in its sentencing entry, stating:

The court further finds, pursuant to Ohio Revised Code 2929.14(C)(4), that consecutive sentences are necessary to protect the public OR to punish the offender; that consecutive sentences are not disproportionate to the seriousness of

the offender's conduct; to the danger the offender poses to the public; and the court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, AND the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(Emphasis sic.)

{¶10} In its brief, the State admits that "the trial court did not make any of the [R.C. 2929.14(C)(4)] findings" at the sentencing hearing. The State also argues that, because the trial court made the necessary R.C. 2929.14(C)(4) findings in its sentencing entry, this Court should follow its holding in *Linde*, 2013-Ohio-3503, at ¶ 26, (Based upon the limited record before us in *Linde*, we overruled Mr. Linde's assignment of error regarding consecutive sentences because the required R.C. 2929.14(C)(4) findings were set forth in the sentencing entry.) However, we find the facts in *Linde* distinguishable from the present matter. In *Linde*, this Court was compelled to comment upon serious and numerous shortcomings of appellant's merit brief. We determined that appellant had made a "barebones argument that the [trial] court failed to make the required statutory findings before imposing consecutive sentences upon him." *Id*. at ¶ 26. As such, our analysis of Mr. Linde's second assignment of error regarding consecutive sentences was limited only to the arguments made in his brief. Whereas, here, Mr. Carmel's brief provided this Court with a detailed argument as to why the trial court erred in issuing consecutive sentences without first making the requisite R.C. 2929.14(C)(4) findings at the sentencing hearing. Further, in support of his argument, Mr. Carmel included case law and transcripts from both the plea and sentencing hearings. This allowed us to fully analyze Mr. Carmel's assignment of error by considering the entire record filed with this Court, instead of just relying upon the arguments in the brief.

{¶11} Therefore, having reviewed the record before us, we conclude that, pursuant to R.C. 2929.14(C)(4), the trial court failed to make the necessary findings at the sentencing hearing in order to impose consecutive sentences. *See Brooks* at ¶ 13.

{¶12} Accordingly, Mr. Carmel's assignment of error is sustained.

III.

{¶13} In sustaining Mr. Carmel's sole assignment of error, the judgment of Summit County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES L. BURDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.