[Cite as *State v. Shull*, 2025-Ohio-1298.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| LAMAR SHULL, | : | Case No. 24CA000028 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Guernsey County
Common Pleas Court, Case No.
24CR0076

JUDGMENT: Affirmed

DATE OF JUDGMENT: April 10, 2025

APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
Guernsey County Prosecuting Attorney's Office
627 Wheeling Avenue
Cambridge, OH 43725

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road, Suite 8A
Cincinnati, OH 45242

*Montgomery, J.*

**{¶1}** Defendant-appellant, Lamar Shull, appeals from the judgment of the Guernsey County Court of Common Pleas imposing consecutive prison terms. For the reasons below, we affirm the trial court.

**STATEMENT OF RELEVANT FACTS**

**{¶2}** On June 3, 2024, Lamar Shull ("appellant") was charged with four counts of Gross Sexual Imposition, a violation of R.C. 2907.05, felonies of the fourth degree. The charges stemmed from allegations that he engaged in sexual activity with his two minor stepdaughters. On July 2, 2024, after negotiating a plea deal with the State, Shull pled no contest to all four counts. On September 18, 2024, the trial court (the "Court") held the sentencing hearing and ultimately imposed eighteen-months for each count and ordered them served consecutively, for a total sentence of 72 months.

**{¶3}** At the hearing, both parties were afforded a full opportunity to make arguments relative to sentencing. After arguments, the Court stated it "read and studied the Court file. I have read and studied the - - presentence investigation." Tr., Sept. 18, 2024, p. 43. The Court proceeded to discuss the overriding purposes of sentencing, and the specific factors related thereto, and then turned its attention to the issue of consecutive sentences. The Court stated: "[n]ow, consecutive sentences. This is 2929.14 of the Ohio Revised Code. Consecutive sentences are appropriate if the Court makes the following findings. First, they're necessary to punish you, or to protect the public from future crime, and not disproportionate to the seriousness of the conduct, and one or more of the following." Tr., Sept. 18, 2024, pp. 48-49.

**{¶4}** The Court went on to discuss appellant's criminal history and protecting the public from future crimes. The Court made several statements during the hearing such as "[y]ou're the reason why we have offender registration", and "these children were living in hell." Tr., p. 47-49. To say the least, the Court was outraged at appellant's actions. On September 23, 2024, the Court issued its Sentencing Judgment Entry (the "Entry"). Concerning consecutive sentences, the Entry states:

> The Court finds that consecutive sentences are necessary in this case to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and
>
> A)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused * * * was so great or unusual that no single prison term for any * * * reflects the seriousness of the offender's conduct;
>
> B)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
>
> Entry, Sept. 23, 2024, p. 3.

**{¶5}** Appellant timely filed an appeal asserting the following sole assignment of error:

**{¶6}** "I. THE TRIAL COURT FAILED TO PROPERLY IMPOSE CONSECUTIVE SENTENCES."

## STANDARD OF REVIEW AND ANALYSIS

**{¶7}** The appropriate standard of review on appeals challenging a sentence is set forth in R.C. §2953.08(G)(2). *State v. Bonnell,* 2014-0hio-3177, ¶ 9. An appellate court may vacate a sentence and/or remand a matter to the trial court when a sentence does not comport with sentencing statutes, or when the sentence is otherwise contrary to law. *Bonnell*, ¶ 9. When reviewing a criminal sentence, R.C. 2953.08(F) requires a court to examine the entire record, including any oral or written statements and presentence-investigation reports. *State v. Carbaugh*, 2023-Ohio-1269, ¶ 25 (5th Dist.) (citations omitted).[1]

**{¶8}** In turn, R.C. 2929.14(C)(4) sets forth the specific findings a trial court must make on the record when imposing any consecutive sentence.

R.C. 2929.14(C)(4) expressly provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

---

[1] R.C. 2953.08(G)(2) provides as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds **any** of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}**    Thus, before a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three specific findings set forth in (a)-(c) apply.  *State v. Carmel,* 2014-Ohio-1209, ¶ 6 (9th Dist.); *Carbaugh*, ¶ 32 (noting that the first step in consecutive-sentence review is to ensure findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity

and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)).

**{¶10}** In *Bonnell,* the Ohio Supreme Court determined that when imposing consecutive sentences, "a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29; Crim.R. 32(A)(4). And because a court speaks through its journal entries, "the court should also incorporate its statutory findings into the sentencing entry." *Bonnell,* ¶ 29, citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47.

**{¶11}** Importantly, the court does not need to state reasons for the findings, the findings alone are sufficient. Further, a word-for-word recitation of the language of the statute is **not** required. *Bonnell*, ¶¶ 29-30. If the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record supports the findings, then consecutive sentences should be upheld. *Id.*; *State v. Wade*, 2024-Ohio-4556 (5th Dist.) (concluding the trial court's failure to recite precise statutory language of the required findings for consecutive sentences did not render sentences contrary to law).

**{¶12}** For example, in *Carbaugh*, this Court concluded "[a]lthough not using the precise language, at the sentencing hearing and in the sentencing entry the facts given by the trial judge establish that he made" the required R.C. 2929.14(C)(4) findings. *Carbaugh*, ¶ 35-36; *Wade*, ¶ 64, quoting *Bonnell,* ¶ 37 (the trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.").

**{¶13}** Here, appellant claims that although the Court included all the required findings in the Entry, his sentence is contrary to law because the trial court did not make

the specific proportionality "finding" on the record *at the sentencing hearing.* Stated another way, because the Court did not expressly recite "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" the sentence must be vacated and remanded. We disagree with appellant.

{¶14} The transcript from the sentencing hearing clearly reveals the Court found appellant's conduct reprehensible and that consecutive sentences were *not* disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court stated as follows:

> Now, consecutive sentences. This is 2929.14 of the Ohio Revised Code. Consecutive sentences are appropriate if the Court makes the following findings. First, they're necessary to punish you, or to protect the public from future crime, and not disproportionate to the seriousness of the conduct, and one or more of the following."
>
> * * *
>
> Necessary to punish you. You've already had one sex offense. You were registering as a sex offender. And so this is necessary to punish you. These actions cannot occur. It can - - should never occur. Protect the public from future crime. That's the number one job of the Court at sentencing, * * * it's necessary to protect the public. Part of this sentencing is to deter others. I don't want anybody to think this is ever appropriate to do. And, again, from the details of the offense, the harm so caused is so great or unusual a single prison term would not adequately reflect the seriousness

of this offense. And your criminal history demonstrates consecutive sentences are necessary. You're the reason why we have offender registration. Quite plain and simply is - - and you're going to do it for the rest of your life. * * * So I make all those findings. Consecutive sentences are appropriate.

Tr., Sept.18, 2024, p. 48-49.

**{¶15}** Additionally, prior to discussing consecutive sentences specifically, the Court went through appellant's criminal history - including prior sexual offenses against a minor, the serious physical and psychological harm to the victims, and protecting the public from future crime by appellant as well as deterring others. The Court stated:

For the record, the Court specifically incorporate herein the presentence investigation, and specifically, the details of the offense. * * * I'd read it right now, but it makes you sick to read it. What happened here is sickening, absolutely atrocious. * * * What happened to these children should never, and I repeat, never happen to anyone. I agree with the statement of the prosecuting attorney, these children were essentially living in hell. And that should never happen.

Tr., Sept. 18, 2024, p. 47.

**{¶16}** Simply stated, the record reveals that the trial court thoroughly considered this matter and made the required findings to support imposition of consecutive sentences. The trial court's lack of precise statutory language concerning proportionality does not render appellant's sentence contrary to law. This is particularly true where, as here, the court did in fact mention the proportionality requirement at the hearing (see

Transcript, at p. 48) and subsequently expressly incorporated all the required R.C. 2929.14(C)(4) findings into the Entry. *Carbaugh* ¶ ¶ 35-36; *Wade*, ¶ 64.

{¶17} Once the appellate court determines that the R.C. 2929.14(C)(4) consecutive-sentence findings have been made, the appellate court must then determine whether the record clearly and convincingly supports those findings. *Carbaugh*, ¶ 37, citing *State v. Gwynn*, 2022-Ohio-4607, ¶ 23. This second step in consecutive sentence review requires the appellate court to determine if the record is sufficient to fully support the trial court's consecutive-sentence findings. *Carbaugh*, ¶ 37. The appellate court must focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings. *Id*.

{¶18} Here, *without question*, the record unequivocally reveals the trial court engaged in the correct analysis and supports the consecutive findings made. The Court considered the entire record, including the victim impact statement by the GAL on behalf of the two minors, the presentence investigation that included medical reports from Children's Hospital, and arguments by counsel including a statement made by the minor children's court-appointed attorney regarding the horrific nature of appellant's actions. As stated by the Court, appellant's conduct was reprehensible, the minors were "living in hell," and this "should never happen" to anyone. The Court considered appellant's prior criminal history for similar sex offenses, his failure to respond to previously imposed sanctions, appellant's lack of remorse, the young age of his victims, and the serious physical and psychological harm suffered. The Court clearly understood appellant's likelihood to reoffend and decided to protect the public from appellant for as long as

possible. As such, the record before this Court on appeal is sufficient to fully support the trial court's consecutive-sentence findings.

{¶19} Because the trial court made the required findings to impose consecutive sentences and because the record clearly and convincingly supports those findings, **appellant's sole assignment of error is overruled.**

## CONCLUSION

{¶20} Based upon the foregoing, appellant's sole assignment of error is overruled, and the judgment of the Guernsey County Court of Common Pleas is affirmed in all respects.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.