[Cite as *State v. Adkins*, 2025-Ohio-2745.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Robert G. Montgomery, J. |
| -vs- | |
| DENNIS ADKINS | Case No. CT2024-0145 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2024-0523

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 4, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appelltan

JOSEPH PALMER                         APRIL F. CAMPBELL
Assistant Prosecutor                     Campbell Law, LLC
27 North 5th Street, Suite 201          6059 Frantz Road, Suite 206
Zanesville, Ohio 43701                   Dublin, Ohio 43017

*Hoffman, J.*

**{¶1}** Defendant-appellant Dennis Adkins appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of breaking and entering (R.C. 2911.13(B)), theft (R.C. 2813.02(A)(1)), and receiving stolen property (R.C. 2913.51(A)), and sentencing him to an aggregate term of incarceration of thirty-six months. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The Tri-Valley Wildlife Area in Muskingum County, Ohio, includes reclaimed gas property with an area called the "pipe yard." The pipe yard provides storage for gas equipment, including concrete-filled pipes and gas separators. These items are owned by the State of Ohio.

**{¶3}** Between the dates of July 15, 2023, and March 2, 2024, Appellant, along with others, cut a lock and began taking items out of the pipe yard to sell for scrap. The value of the stolen property exceeded $1,000.

**{¶4}** Appellant was indicted by the Muskingum County Grand Jury with breaking and entering, two counts of theft, three counts of receiving stolen property, and two counts of tampering with evidence. Appellant entered a plea of guilty to theft, breaking and entering, and receiving stolen property, and the remaining counts were dismissed by the State. The trial court convicted Appellant upon his pleas and the case proceeded to sentencing. The parties jointly recommended a sentence of community control. The trial court sentenced Appellant to twelve months incarceration on each count, to be served consecutively, for an aggregate term of incarceration of thirty-six months. It is from the December 26, 2024 judgment of the trial court Appellant prosecutes his appeal.

**{¶5}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den*., 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id*. Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶6}** We find counsel has complied with *Anders*. Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth one assignment of error which could arguably support the appeal:

THE TRIAL COURT ERRED IN ACCEPTING ADKINS'S GUILTY
PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM.

**{¶7}** We have reviewed the transcript of the plea hearing, and find the trial court complied with Crim. R. 11 in accepting Appellant's guilty pleas. As noted in counsel's

*Anders* brief, the trial court failed to notify Appellant any sentences imposed could be ordered to be served consecutively. However, the Ohio Supreme Court has held a guilty plea is not rendered involuntary when a trial court fails to inform a defendant who pleads guilty to more than one offense of the potential for consecutive sentences. *State v. Johnson,* 40 Ohio St. 3d 130, 132 (1988).

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 2014-Ohio-3177.

**{¶9}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶10}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be

"commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶11} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶12} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶13} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶14} The trial court stated in its judgment entry it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. Pursuant to *Jones, supra*, this Court is not permitted to independently weigh the evidence

in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentence imposed on Appellant is not contrary to law.

{¶15} R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

**{¶17}** The Ohio Supreme Court has recently clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id*. at ¶ 97-98. To the extent that the court of appeals premised its

holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id*.

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in

criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶18}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶19}** The trial court made the requisite findings to impose consecutive sentences. As discussed by the trial court at the sentencing hearing, Appellant's bond in the instant case was revoked because of his admission to drug use. Appellant also had an active warrant for felony theft from Summit County. Appellant's past criminal history included a possession of drug paraphernalia conviction and five prior theft convictions, as well as numerous warrants issued for failure to appear. We do not clearly and convincingly find the evidence does not support the trial court's consecutive sentencing findings.

**{¶20}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

By: Hoffman, J.

Baldwin, P.J. and

Montgomery, J.  concur