[Cite as *State v. Hayes*, 2025-Ohio-5582.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0056 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0696 |
| AUSTIN M. HAYES | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 12, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellee.

OPINION

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Austin Hayes ("Appellant"), appeals from the Muskingum County Court of Common Pleas judgment sentencing him to consecutive sentences after pleading guilty to eight counts of violating a protection order, and two counts of gross sexual imposition.  For the reasons below, we AFFIRM.

**STATEMENT OF THE CASE AND FACTS**

**{¶2}**   Two separate cases involving two separate victims are involved in this appeal.  In case number 2024-CR-0696, Appellant pled guilty to two counts of gross sexual imposition ("GSI"); and in case number 2025-CR-0189, Appellant pled guilty to eight (8) counts of violating a protective order ("VPO") – felonies of the fifth degree.  After

entering his guilty pleas, the trial court sentenced Appellant to 36 months on each count of GSI, to run concurrently for an aggregate of 36 months, and six (6) months for each count of violating a protective order, to run consecutively, for an aggregate of 48 months. The trial court then ordered the 36 months to run consecutively to the 48 months, for an aggregate prison term of 84 months. The trial court issued a Judgment Entry ("Entry") reflecting the sentences imposed, including Appellant's classification as a Tier II sex offender and post-release control.

{¶3} The Entry states the court considered the record, all statements, any victim impact statement, the plea recommendation, as well as the principles and purposes of sentencing under R.C. 2929.11 and its balance of seriousness and recidivism factors under R.C. 2929.12. The Court found "the Defendant has an extensive criminal history, including a juvenile record as well." The Entry then states as follows:

> Provided however, the terms of incarceration imposed [for GSI] are to be served concurrently to one another for a cumulative sentence of thirty-six (36) months; and *consecutive to* Muskingum County Common Pleas Case No.: CR2025-0189 [for VPO] for an aggregate prison term of eighty-four (84) months (emphasis added).
>
> Pursuant to ORC §2929.14(C)(4), the Court further found that the imposition of consecutive sentences are necessary to protect the public from future crime or to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

## SOLE ASSIGNMENT OF ERROR

{¶4} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES BETWEEN CASES CR2025-0189 AND CR2024-0696 AND CONSECUTIVE SENTENCES ON ALL COUNTS WITHIN CR2025-0189 WERE IN CONTRAVENTION OF STATUTE."

## STANDARD OF REVIEW AND ANALYSIS

{¶5} Appellate review challenging a felony sentence is set forth in R.C. §2953.08(G)(2). *State v. Bonnell,* 2014-Ohio-3177, ¶ 9. An appellate court may vacate a sentence and/or remand a matter to the trial court when a sentence does not comport with Ohio's sentencing statutes, or when the sentence is otherwise contrary to law. *Bonnell*, ¶ 9. When reviewing a sentence, R.C. 2953.08(F) requires a court to examine the entire record, including any oral or written statements and presentence-investigation reports. *State v. Carbaugh*, 2023-Ohio-1269, ¶ 25 (5th Dist.) (citations omitted).[1]

---

[1] R.C. 2953.08(G)(2) provides as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court

{¶6}   When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently unless an exception applies.  *State v. Beatty*, 2024-Ohio-5684, ¶ 1; R.C. 2929.41(A).  One such exception allows the imposition of consecutive sentences under specific circumstances. To overcome the presumption of concurrent sentences, a sentencing court must make the mandatory sentencing findings prescribed by R.C. 2929.14(C)(4) and articulate these statutory findings at the time it imposes the sentences.  R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> {¶1}   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

---

abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7}   Thus, before ordering consecutive sentences, the court must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three specific findings set forth in (a)-(c) apply.  *State v. Carmel,* 2014-Ohio-1209, ¶ 6 (9th Dist.); *Carbaugh*, ¶ 32.  "[A] trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel."  *Bonnell*, ¶ 29; Crim.R. 32(A)(4).  And because a court speaks through its journal entries, "the court should also incorporate its statutory findings into the sentencing entry."  *Id.*, citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47.

{¶8}   Importantly, the court does not need to state reasons for the findings, the findings alone are sufficient.  Further, a word-for-word recitation of the language of the statute is not required.  *Bonnell*, ¶¶ 29-30.  If the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record supports the findings, then consecutive sentences should be upheld.  *Id.*; *State v. Wade*, 2024-Ohio-

4556 (5th Dist.) (concluding the trial court's failure to recite precise statutory language of the required findings for consecutive sentences did not render sentences contrary to law).

{¶9} Once the appellate court determines that the consecutive-sentence findings have been made, it must determine whether the record supports those findings. *Carbaugh*, ¶ 37, citing *State v. Gwynne*, 2022-Ohio-4607, ¶ 23. The Ohio Supreme Court recently clarified the proper second step analysis for appellate courts. In *Glover,* the Court stated:

> The plain language of the appellate-review statute directs the appellate court's inquiry. The court must review the trial court's consecutive-sentence findings, and it may "increase, reduce, or otherwise modify" consecutive sentences only if it "clearly and convincingly" finds that the record does not support the trial court's findings, R.C. 2953.08(G)(2)(a), or it clearly and convincingly finds that "the sentence is otherwise contrary to law," R.C. 2953.08(G)(2)(b).
>
> Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. * * *
>
> The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or

it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

* * *

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. (Citations omitted).  The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does *not* support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, at ¶ 15, 231 N.E.3d 1109 (lead opinion).

*State v. Glover*, 2024-Ohio-5195, ¶¶ 42-44, 46; *accord, State v. Adkins*, 2025-Ohio-2745, ¶ 17 (5th Dist.).

**{¶10}** Importantly, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court and may not substitute its judgment for that of the trial court. *Glover,* at ¶ 45; *Adkins*, ¶ 17. Here, Appellant claims the sentence is contrary to law because the record does not clearly and convincingly support the "great or unusual" harm finding under R.C. 2929.14(C)(4)(b). We disagree.

**{¶11}** First, we note that the Entry properly states each statutorily required finding to impose consecutive sentences and in fact includes a word for word recitation of the statute. The issue resolves to the second step of the analysis and whether the record firmly supports the findings made. We conclude it does. The transcript reveals the court was extremely concerned with Appellant's criminal history, including a juvenile record, and his continued, repeated disregard for and violations of court orders. Indeed, at the plea hearing, the State revealed that during the protection order time frame, Appellant was incarcerated and called the victim approximately 324 times and sent 42 messages to her from the jail tablet. In other words, there were <u>hundreds of violations</u> of the protection order, independent of one another, even though he pled guilty to only eight of those violations.

**{¶12}** Aside from the extreme number of protection order violations towards one victim and the GSI counts against a second victim that are both the subject of the instant appeal, Appellant has a significant criminal history to consider. Indeed, Appellant's previous convictions indicate an alarming pattern of behavior that has not been successfully curtailed. His past convictions include two domestic violence by threat convictions, falsification, regular domestic violence, escape, violation of a protection order in 2022, and convictions from 2019 for prohibitions concerning companion animals and

cruelty to animals.  Appellant also admitted to daily marijuana use, regular meth use, as well as using fentanyl, cocaine, and psychedelics.  The trial court also mentioned that Appellant was kicked out of Cairn House after being accused of stealing.

{¶13}  As set forth above, we must not substitute our judgment for that of the trial court.  We may "increase, reduce, or otherwise modify" consecutive sentences <u>only if</u> we "clearly and convincingly" find that the record does not support the trial court's findings.  Here, we cannot clearly and convincingly find that the record is so lacking.  As such, the imposition of consecutive sentences was proper and said sentence is not contrary to law.  **Appellant's sole assignment of error is overruled**.

<u>**CONCLUSION**</u>

{¶14}  The trial court made the requisite findings under R.C. 2929.14(C)(4) and the record supports the findings made.  Appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶15}  Costs to Appellant.

By: Montgomery, J.
Baldwin, P.J. and
King, J. concur.