[Cite as *State v. Strohl*, 2026-Ohio-234.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0059 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0527 |
| DAVID STROHL, | |
| | Judgment:   Affirmed |
| Defendant – Appellant | |
| | Date of Judgment Entry: January 27, 2026 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** RON WELCH, Muskingum County Prosecuting Attorney by JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant-Appellant, David Strohl, appeals from the judgment of the Muskingum County Court of Common Pleas imposing two eighteen-month sentences to be served consecutively.  For the reasons below, we AFFIRM.

## BACKGROUND FACTS

**{¶2}**   On June 3, 2024, just after noon, Defendant-Appellant David Strohl ("Appellant") was driving on State Route 83 in Muskingum County, Ohio, when he crossed the center line and collided head-on with another vehicle.  That other vehicle included driver, Olivia Herres, and passenger, Tara Herres.  Both women suffered serious physical injuries. Highway patrol officers responded to the scene and located Strohl in an

ambulance. He was life-flighted along with at least one of the victims due to the severity of injuries. A search of Appellant' s vehicle revealed alcohol in his car. Blood alcohol testing indicated Appellant had a blood alcohol content of 0.144 grams per 100 milliliters of whole blood.

{¶3} Appellant originally entered a plea of not guilty and later changed it to "no contest" to two counts of aggravated vehicular assault, felonies of the third degree. The State agreed to dismiss a fourth count at sentencing and made no recommendation regarding sentence, reserving the right to argue at the hearing. Both aggravated vehicular assault counts carried mandatory prison terms up to 36 months, and the trial court confirmed post-release control upon release. On March 17, 2025, the court found Appellant guilty of the above-stated offenses and entered said finding on the record. The Court further found that the Defendant had been afforded all his rights pursuant to Criminal Rule 32.

{¶4} After discussing various factors, including Appellant's criminal history, the court imposed 18-months for each count of aggravated vehicular assault and ordered those to be served consecutively. The misdemeanor OVI sentence of 180 days was ordered to run concurrently. The Judgment Entry states the requisite findings to support imposition of consecutive sentences. On appeal, Appellant concedes that the necessary findings were made but claims the consecutive sentences are not supported by the record.

{¶5} Victim impact statements were presented at sentencing. Both victims detailed extensive physical and psychological harm, including PTSD, multiple surgeries, and continued medical and mental health treatment. The trial court emphasized that

Appellant's conduct caused life-altering injuries and that his decision to drive while impaired had long-term consequences for the two victims. The court also noted Appellant's criminal history, which includes two felonies of the third degree and a misdemeanor of the first degree.

## ASSIGNMENT OF ERROR

**{¶6}** "I.    SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES IN CONTRAVENTION OF R.C. §2929.14(C)(4)?"

## STANDARD OF REVIEW

**{¶7}**    Appellate review challenging a felony sentence is set forth in R.C. §2953.08(G)(2). *State v. Bonnell,* 2014-Ohio-3177, ¶ 9.  An appellate court may vacate a sentence and/or remand a matter to the trial court when a sentence does not comport with Ohio's sentencing statutes, or when the sentence is otherwise contrary to law. *Bonnell*, ¶ 9.  When reviewing a sentence, R.C. 2953.08(F) requires a court to examine the entire record, including any oral or written statements and presentence-investigation reports.  *State v. Carbaugh*, 2023-Ohio-1269, ¶ 25 (5th Dist.) (citations omitted).[1]

---

[1] R.C. 2953.08(G)(2) provides as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.  The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.

**{¶8}** When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently unless an exception applies. *State v. Beatty*, 2024-Ohio-5684, ¶ 1; R.C. 2929.41(A). One such exception allows the imposition of consecutive sentences under specific circumstances. To overcome the presumption of concurrent sentences, a sentencing court must make the mandatory sentencing findings prescribed by R.C. 2929.14(C)(4) and articulate these statutory findings at the time it imposes the sentences. R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9}   Thus, before ordering consecutive sentences, the court must find: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three specific findings set forth in (a)-(c) apply.  *State v. Carmel,* 2014-Ohio-1209, ¶ 6 (9th Dist.); *Carbaugh*, ¶ 32.  "[A] trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel."  *Bonnell*, ¶ 29; Crim.R. 32(A)(4).  And because a court speaks through its journal entries, "the court should also incorporate its statutory findings into the sentencing entry."  *Id.*, citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47.

{¶10}  Importantly, the court does not need to state reasons for the findings, the findings alone are sufficient.  Further, a word-for-word recitation of the language of the statute is not required.  *Bonnell*, ¶¶ 29-30.  If the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record supports the findings, then consecutive sentences should be upheld.  *Id.*; *State v. Wade*, 2024-Ohio-4556 (5th Dist.) (concluding the trial court's failure to recite precise statutory language of the required findings for consecutive sentences did not render sentences contrary to law).

**{¶11}** Once the appellate court determines that the consecutive-sentence findings have been made, it must next determine whether the record supports those findings. *Carbaugh*, ¶ 37, citing *State v. Gwynn*, 2022-Ohio-4607, ¶ 23. The Ohio Supreme Court recently clarified the proper second step analysis for appellate courts. In *Glover,* the Court stated:

> The plain language of the appellate-review statute directs the appellate court's inquiry. The court must review the trial court's consecutive-sentence findings, and it may "increase, reduce, or otherwise modify" consecutive sentences only if it "clearly and convincingly" finds that the record does not support the trial court's findings, R.C. 2953.08(G)(2)(a), or it clearly and convincingly finds that "the sentence is otherwise contrary to law," R.C. 2953.08(G)(2)(b).
>
> Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. * * *
>
> The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

\* \* \*

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. (Citations omitted.)  The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does *not* support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, ¶ 15, 231 N.E.3d 1109 (lead opinion).

*State v. Glover*, 2024-Ohio-5195, ¶¶ 42-44, 46; *accord, State v. Adkins*, 2025-Ohio-2745, ¶ 17 (5th Dist.).

**{¶12}** In sum, an appellate court applies a "deferential standard" of review and is simply not permitted to reverse or modify a trial court's consecutive sentence based on its subjective disagreement with the trial court.  *Glover,* ¶ 45; *Adkins*, ¶ 17 (reiterating that

the appellate court may not substitute its judgment for that of the trial court).   Similarly, the appellate-review statute does not direct an appellate court to consider the defendant's aggregate sentence.  *Glover*, ¶¶ 42-44.

**ANALYSIS**

**{¶13}** On appeal, Appellant concedes that the trial court made the necessary consecutive sentence findings but claims in his sole assignment of error that said findings are not supported by the record, rendering Appellant's sentence contrary to law. Appellant argues the court's findings appear influenced by an improper consideration of perceived lack of remorse because Appellant did not mention the victims in the PSI report or during his no contest plea.  We disagree.

**{¶14}** It is true that unlike a guilty plea that is a complete admission of guilt, a no-contest plea admits the truth of the facts contained in the indictment but leaves it to the court to determine whether those facts constitute a crime.  *State v. Stumph*, 2021-Ohio-723, ¶ 18 (1st Dist.).  However, the court did in fact determine that Appellant was guilty of two counts of aggravated vehicular assault and OVI, and thereafter properly imposed Appellant's sentence.  Both the Judgment Entry and the sentencing transcript clearly state the requisite findings to support imposition of consecutive sentences.   The sole issue is whether *the record in its entirety* supports the consecutive sentence findings made by the trial court.  We conclude it does.

**{¶15}** The two victims in this case wrote letters to the court and made statements at sentencing regarding irreparable pain and suffering caused by the criminal conduct of the defendant.   Both victims detailed extensive physical and psychological harm, including PTSD, multiple surgeries, and continued medical and mental health treatment.

The trial court emphasized that Appellant's conduct caused life-altering injuries and that his decision to drive while impaired caused long-term consequences for the two victims (as well as Appellant himself who sustained serious injuries). The court noted that Appellant's conduct was serious in nature, that he had some criminal history, and stressed the lifelong struggles the victims will continue to have – both physically and mentally.

{¶16} Although the trial court references a lack of remorse for Appellant's failure to mention the victims in the presentence investigation, such statement does not overcome the remaining factors that clearly support the trial court's imposition of two 18-month sentences to run consecutively. Appellant made a bad decision to get behind the wheel of a car after he had been drinking. Appellant's bad decision caused significant, life-altering injuries, some of which will last a lifetime. As set forth, we must not substitute our judgment for that of the trial court. We may "increase, reduce, or otherwise modify" consecutive sentences only if we "clearly and convincingly" find that the record does not support the trial court's findings.[2] Here, we cannot conclude the record is so lacking as Appellant suggests. As such, the imposition of consecutive sentences was proper and said sentence is not contrary to law. **Appellant's sole assignment of error is overruled**.

---

[2] Some points in Appellant's brief suggest that this court applies a "de novo" standard of review for consecutive sentences. For example, Appellant states "For consecutive sentences, review under R.C. 2953.08(G)(2)(a) is de novo: confirm the trial court made the required R.C. 2929.14(C)(4) findings and assess record support. *State v. Gwynne,* 173 Ohio St.3d 590, 2023-Ohio-3851." *Appellant's Brief*, p. 5. However, as fully set forth in this Opinion, we do not apply a de novo standard.

## **CONCLUSION**

**{¶17}** The trial court made the requisite findings under R.C. 2929.14(C)(4) and the record supports the findings made. Appellant's sole assignment of error is overruled, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

**{¶18}** Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.